13-4500
Sherpa v. Lynch

BIA
Brennan, IJ
A089 250 804/805

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of July, two thousand sixteen.

PRESENT:
> DENNIS JACOBS,
> PETER W. HALL,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

ANG DANDI SHERPA, NGIM PASHI SHERPA,
> *Petitioners,*

> v.                                              13-4500
>                                                 NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONERS:          Ramesh K. Shrestha, New York, New York.

FOR RESPONDENT:           Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Justin Markel, Assistant Director; Margaret A. O'Donnell, Trial

Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioners Ang Dandi Sherpa and Ngim Pashi Sherpa, natives and citizens of Nepal, seek review of an August 15, 2011, decision of the BIA, vacating a July 20, 2009, decision of an Immigration Judge ("IJ") granting Petitioners asylum. *In re Ang Dandi Sherpa, Ngim Pashi Sherpa,* Nos. A089 250 804/805 (B.I.A. Aug. 15, 2011), *vacating* Nos. A089 250 804/805 (Immig. Ct. N.Y. City July 20, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). "[T]he BIA may only review the IJ's factual findings to determine whether they are clearly erroneous." *Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 296 (2d Cir. 2006) (citing 8 C.F.R. § 1003.1(d)(3)(i)). In reviewing

2

the BIA's application of the "clear error" standard, "we must determine whether the BIA has provided sufficient justification for its conclusion that the IJ has committed clear error . . . [and] make sure that the BIA has not violated the prohibition against making its own findings of fact." *Wu Lin v. Lynch*, 813 F.3d 122, 129 (2d Cir. 2016). Here, the BIA failed to adequately explain its determination that the IJ committed clear error in finding that Mr. Sherpa suffered past persecution on account of his political opinion.

In order to demonstrate eligibility for asylum, "the applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see also In re J-B-N- and S-M-*, 24 I. & N. Dec. 208, 212 (B.I.A. 2007). "'[A]sylum may be granted where there is more than one motive for mistreatment, as long as at least one central reason for the mistreatment is on account of' a protected ground." *Acharya v. Holder*, 761 F.3d 289, 297 (2d Cir. 2014) (quoting H.R. Rep. No. 109-72, at 165 (2005) (Conf. Rep.)).

In finding clear error in the IJ's grant of asylum, the BIA explained that there was no record evidence that Maoists

targeted Ang on account of his political opinion. The BIA's explanation is contradicted by the record. Sherpa credibly testified that, in addition to being targeted for his wealth and status as a teacher, he was targeted as a long-standing member of the Nepali Congress Party and enemy of the Maoist Party. Furthermore, Ang submitted a letter from the Maoist Party that accused him of working for the Nepalese Government, which it considered a political enemy. The BIA thus ignored material evidence that Maoists may have had a mixed motive for targeting Ang, including his political opinion. Accordingly, the BIA failed to satisfy its obligation to adequately explain its determination that the IJ committed clear error in finding that Maoists persecuted Ang on account of his political opinion. *See Wu Lin*, 813 F.3d at 129; *Acharya*, 761 F.3d at 298-300.

As to social group, the BIA reasonably determined that the IJ committed clear error in finding that Maoists targeted Ang on account of his membership in a particular social group, given that the group (defined by the IJ) lacked the required particularity and social distinction. *See In re M-E-V-G-*, 26 I. & N. Dec. 227, 239-40 (B.I.A. 2014). Nevertheless, in considering Ang's political persecution claim on remand, the agency should consider any political dimension to Ang's work

4

as a teacher and affiliation with numerous teachers' organizations. *See Acharya*, 761 F.3d at 302.

For the foregoing reasons, the petition for review is GRANTED, and the case is REMANDED for further proceedings consistent with this order. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk